## UNITED STATES COURT OF INTERNATIONAL TRADE

———————————————————————————x
                                     :

GOODLUCK INDIA LIMITED,               :

                        Plaintiff,          :         Court No. 22-00024

                                       :

                    v.                 :

                                       :

UNITED STATES,                       :

                                       :

                    Defendant.        :

———————————————————————————x

## COMPLAINT

Plaintiff Goodluck India Limited ("Goodluck"), by and through its attorneys, Grunfeld, Desiderio, Lebowitz, Silverman & Klestadt LLP, hereby files this Complaint and states as follows:

## ADMINISTRATIVE DECISION TO BE REVIEWED

1.      Goodluck brings this Complaint to contest the final agency action by the International Trade Administration of the United States Department of Commerce ("Commerce") concerning the assessment of antidumping duties ("ADD") on Goodluck's entries subject to the third administrative review ("AR3") of the ADD Order on certain cold-drawn mechanical tubing of carbon and alloy steel ("CDMT") from India, with the period of review ("POR") spanning June 1, 2020, through May 31, 2021. *Certain Cold-Drawn Mechanical Tubing of Carbon and Alloy Steel from India: Notice of Second Amended Final Determination; Notice of Amended Order; Notice of Resumption of First and Reinitiation of Second Antidumping Duty Administrative Reviews; Notice of Opportunity for Withdrawal; and Notice of Assessment in Third Antidumping Duty Administrative Review*, 86 Fed. Reg. 74,069 (Dec. 29, 2021) ("*December 2021 Notice*").

2.       Commerce published the *December 2021 Notice* in the FEDERAL REGISTER on

December 29, 2021. *Id*. In response to comments on the *December 2021 Notice* filed by

Goodluck and Petitioners ArcelorMittalTubular Products, Michigan Seamless Tube, LLC,

Plymouth Tube Co., USA; PTC Alliance Corp. Webco Industries, Inc. and Zekelman Industries,

Inc. (collectively, "Petitioners"), Commerce issued a Memorandum characterizing Goodluck's

comments as ministerial error allegations and declined to make revisions to the *December 2021*

*Notice* requested by Goodluck. U.S. Department of Commerce Memorandum from N. James to

S. Thompson, Case No. A-533-873 (Jan. 19, 2022) ("Commerce Jan. 19 Memo").

### JURISDICTION AND TIMELINESS OF ACTION

3.       Goodluck brings this action to challenge Commerce's *December 2021 Notice*

pursuant to 28 U.S.C. § 1581(c) and Section 516A(a)(2)(B)(iii) of the Tariff Act of 1930, 19

U.S.C. § 1516a(a)(2)(B)(iii). On January 27, 2022, Goodluck filed its Summons with this Court

commencing this action within 30 days of the date that the *December 2021 Notice* published in

the FEDERAL REGISTER. Goodluck is filing this Complaint concurrently with the filing of the

Summons. Therefore, both the Summons and Complaint have been timely filed pursuant to Rule

3(a)(2) of this Court and Section 516A(a)(1) of the Tariff Act of 1930, 19 U.S.C.

§ 1516a(a)(1)(A)(ii).

4.       In the alternative, Goodluck brings this action pursuant to section 1581(i) of the

Customs Courts Act of 1980, 28 U.S.C. § 1581(i) (2000) and the Administrative Procedure Act,

5 U.S.C. §§ 702, 704, 706 (2000) ("APA"). This civil action challenges actions taken by

Commerce in connection with the administration and enforcement of U.S. ADD laws. The

relevant statutory provisions conferring section 1581(i) jurisdiction on this Court state:

> (c) The Court of International Trade shall have exclusive jurisdiction of any civil
> action commenced under section 516A or 517 of the Tariff Act of 1930. . . .

(i) (1) In addition to the jurisdiction conferred upon the Court of International Trade by subsections (a)–(h) of this section and subject to the exception set forth in subsection (j) of this section, the Court of International Trade shall have exclusive jurisdiction of any civil action commenced against the United States, its agencies, or its officers, that arises out of any law of the United States providing for— . . .
(B) tariffs, duties, fees, or other taxes on the importation of merchandise for reasons other than the raising of revenue; . . .  or
(D) administration and enforcement with respect to the matters referred to in subparagraphs (A) through (C) of this paragraph and subsections (a)–(h) of this section.

28 U.S.C. § 1581.

5.      This civil action challenge the decisions in Commerce's *December 2021 Notice* with respect to Goodluck's entries of CDMT during the AR3 POR. These actions concern the "administration and enforcement" by Commerce of "matters" referred to in 28 U.S.C. § 1581(c) or, alternatively, the administration of U.S. laws providing for duties on imports "for reasons other than the raising of revenue." 28 U.S.C. § 1581(i).

6.      Commerce's *December 2021 Notice* constitutes a "final agency action" with respect to Goodluck's AR3 entries, as required to be judicially reviewable by the APA, 5 U.S.C. § 704. In fact, Commerce expressly found that the *December 2021 Notice* "constitutes a final decision as it relates to Goodluck's AR3 entries." Commerce Jan. 19 Memo at 6.

7.      An action under 28 U.S.C. 1581(i) must be commenced within two years after the cause of action first accrues. 28 U.S.C. § 2636(i). The claims asserted by Goodluck in this Complaint accrued at the earliest on December 29, 2021, when Commerce published the *December 2021 Notice*. On January 27, 2022, Goodluck filed a Summons and Complaint concurrently with this Court as required by Rule 3(b)(3) of this Court. This civil action has therefore been commenced within the limitation period specified in 28 U.S.C. § 2636(i).

**STANDING OF PLAINTIFF**

8.      Goodluck is a foreign producer and exporter of CDMT from India whose sales were reviewed by Commerce in the 2017-18 less-than-fair value ("LTFV") investigation leading to issuance of the ADD Order on CDMT from India. *Cold-Drawn Mechanical Tubing of Carbon and Alloy Steel from India: Final Affirmative Determination of Sales at Less than Fair Value*, 83 Fed. Reg. 16,296 (Apr. 16, 2018) ("*LTFV Final Determination*"); *Certain Cold-Drawn Mechanical Tubing of Carbon and Alloy Steel from the People's Republic of China, the Federal Republic of Germany, India, Italy, the Republic of Korea, and Switzerland: Antidumping Duty Orders; and Amended Final Determinations of Sales at Less Than Fair Value for the People's Republic of China and Switzerland*, 83 Fed. Reg. 26,962 (Jun. 11, 2018). Goodluck subsequently participated fully in the judicial and administrative proceedings concerning the judicial review of those Commerce determinations.

9.      Goodluck in January 2022 filed comments in response to the *December 2021 Notice*. Commerce Jan. 19 Memo at 3. Goodluck, therefore, is an "interested party" within the meaning of Section 771(9)(A) of the Tariff Act of 1930, 19 U.S.C. § 1677(9)(A), and has standing pursuant to Section 516A(d) of the Tariff Act of 1930, 19 U.S.C. § 1516a(d) and 28 U.S.C. § 2631(c). Because Goodluck was adversely affected or aggrieved by the challenged agency action within the meaning of the APA, Goodluck has standing to challenge the determination at issue pursuant to 28 U.S.C. § 2631(i).

**BACKGROUND**

10.      Goodluck was in April 2018 assigned a 33.70% ADD cash deposit rate in the LTFV investigation through application of adverse facts available. *LTFV Final Determination*, 83 Fed. Reg. at 16,297. Goodluck appealed to this Court, which on August 13, 2019, found that

Commerce had improperly rejected the data revisions proffered by Goodluck at verification and

therefore invalidated the *LTFV Final Determination*. *Goodluck India Ltd. v. United States*, 393

F. Supp. 1352 (CIT 2019). Commerce on remand recalculated Goodluck's ADD margin as 0%,

which was affirmed by this Court when entering judgment in favor of Goodluck April 30, 2020.

*Goodluck India Ltd. v. United States*, 439 F. Supp. 3d 1366 (CIT 2020). Petitioners subsequently

appealed this judgment to the U.S. Court of Appeals for the Federal Circuit ("CAFC").

      11.      Commerce on May 27, 2020 published a notice pursuant to *Timken Co. v. United*

*States*, 893 F.2d 337, 341 (Fed. Cir. 1990), that it had provisionally revoked the ADD Order on

CDMT from India with respect to Goodluck. *Certain Cold-Drawn Mechanical Tubing of Carbon*

*and Alloy Steel from India: Notice of Court Decision Not in Harmony With Final Determination*

*of Sales at Less Than Fair Value; Notice of Amended Final Determination Pursuant to Court*

*Decision; and Notice of Revocation of Antidumping Duty Order, in Part*, 85 Fed. Reg. 31,742

(May 27, 2020) ("*Amended Final LTFV Determination*"). That notice, issued in response to this

Court's ruling, stated:

> As a result of this amended final determination, in which Commerce has
> calculated an estimated weighted-average dumping margin of 0.00 percent
> for Goodluck, **Commerce is hereby excluding merchandise produced
> and exported by Goodluck from the AD Order**. Accordingly,
> Commerce will direct U.S. Customs and Border Protection (CBP) to
> release any bonds or other security and refund cash deposits pertaining to
> any suspended entries from Goodluck. Pursuant to *Timken*, the suspension
> of liquidation must continue during the pendency of the appeals process.
> Additionally, we will instruct CBP to suspend liquidation of all
> unliquidated entries from Goodluck at a cash deposit rate of 0.00 percent
> which are entered, or withdrawn from warehouse, for consumption on or
> after May 10, 2020, which is ten days after the CIT's final decision, in
> accordance with section 516A of the Act.

*Id*. at 31,743 (emphasis added).

      12.      On August 6, 2020, after the *Amended Final LTFV Determination* was published,

Commerce initiated the second administrative review ("AR2") of the ADD Order on CDMT

from India, with the POR spanning June 1, 2019, through May 31, 2020. *Initiation of Antidumping and Countervailing Duty Administrative Reviews*, 85 Fed. Reg. 47,731, 47,734 (Aug. 6, 2020) ("*AR2 Initiation Notice*"). Although Goodluck had in June 2021 requested a review of its AR2 POR sales, based on its uncertainty as to how Commerce would treat Goodluck's exports of CDMT from India that entered the United States before the *Amended Final LTFV Determination* was published, Commerce when initiating AR2 in August 2020 expressly determined that it would not conduct a review of entries produced and exported by Goodluck because of the revocation:[1]

> Commerce is only reviewing entries that were produced, but not exported, by Goodluck, and/or entries that were exported, but not produced, by Goodluck. Pursuant to a Court of International Trade (CIT) decision, effective May 10, 2020, Commerce excluded from the antidumping duty order certain cold-drawn mechanical tubing of carbon and alloy steel that is produced and exported by Goodluck. *See Certain Cold-Drawn Mechanical Tubing of Carbon and Alloy Steel from India: Notice of Court Decision Not in Harmony with Final Determination of Sales at Less Than Fair Value; Notice of Amended Final Determination Pursuant to Court Decision; and Notice of Revocation of Antidumping Duty Order, in Part*, 85 FR 31742 (May 27, 2020).

*Id.* at 47,733 n.5.

13. On August 3, 2021, after the *Amended Final LTFV Determination* was published, Commerce initiated the third administrative review ("AR3") of the ADD Order on CDMT from India, with the POR spanning June 1, 2020, through May 31, 2021, for merchandise subject to the ADD Order exported by one company, Tube Products of India, Ltd., a unit of Tube

---

[1] Commerce in October 2021, when concluding AR2, reconfirmed that Goodluck had no shipments of CDMT subject to AR2 – *i.e.*, shipments which were not produced and exported by Goodluck. *Certain Cold-Drawn Mechanical Tubing of Carbon and Alloy Steel From India: Final Results of Antidumping Duty Administrative Review and Final Determination of No Shipments; 2019-2020*, 86 Fed. Reg. 59,982, 59,983 n.2 (Oct. 29, 2021) ("In the Preliminary Results, Commerce determined that Goodluck did not have shipments of subject merchandise during the POR. As we received no information to contradict our preliminary determination, we continue to find that Goodluck made no shipments of subject merchandise to the United States during the POR.").

Investments of India Limited (collectively "TPI"). *Initiation of Antidumping and Countervailing Duty Administrative Reviews*, 86 Fed. Reg. 41,821, 41,823 (Aug. 3, 2021). Commerce's review of TPI's sales of CDMT from India during the AR3 POR remains ongoing.

14.     AR3 covers the POR spanning June 1, 2020, through May 31, 2021. This entire period is after the May 27, 2020, publication date of the *Amended Final LTFV Determination,* in which Commerce expressly excluded from the ADD Order any CDMT that was produced and exported by Goodluck. 85 Fed. Reg. at 31,743. When initiating AR2, Commerce had expressly stated that it would not conduct a review of entries of Goodluck exports that had been excluded from the ADD Order. *AR2 Initiation Notice*, 85 Fed. Reg. at 47,733 n.5.

15.     The CAFC on August 31, 2021 reversed this Court and ordered remand after finding that Commerce's initial assignment of a 33.70% ADD cash deposit rate was lawful. *Goodluck India Ltd. v. United States*, 11 F.4th 1335, 1342-1344 (Fed. Cir. 2021) ("*Goodluck CAFC*"). The CAFC specifically ordered as follows:

> Commerce's determination to reject Goodluck's revisions to the record is supported by substantial evidence and is otherwise not contrary to law. The judgment of the CIT is reversed. **The action is remanded for further proceedings consistent with our ruling.**

*Id*. at 1344 (emphasis added).

16.     This Court on November 17, 2021, subsequently vacated its August 2019 ruling and entered judgment in favor of Defendant reinstating the *LTFV Final Determination*. *Goodluck India Ltd. v. United States*, Court No. 18-00162, ECF No. 74 (CIT Nov. 17, 2021) ("*CIT November 17, 2021 Judgment*").

17.     Commerce on December 29, 2021, published a second notice pursuant to *Timken*, 893 F.2d 337 – the *December 2021 Notice* – reinstating Goodluck as subject to the ADD Order. In recognition of "the unique circumstances at issue," Commerce gave interested parties the

"opportunity to withdraw their request(s) for either" the first administrative review ("AR1") or

second administrative review ("AR2") of the ADD Order on CDMT from India, which had been

ongoing as to Goodluck when the provisional revocation become effective. 86 Fed. Reg. at

74,070.

18.     With respect to Goodluck's AR3 entries and the ADD cash deposit rate, the

*December 2021 Notice* provided as follows with respect to instructing U.S. Customs and Border

Protection ("CBP"):

> **Notice of Assessment**
>
> Commerce did not receive a request for an administrative review of the antidumping duty order with respect to Goodluck for the period of June 1, 2020, through May 31, 2021, *i.e.*, the third administrative review. Therefore, in accordance with 19 CFR 351.212(c), **we will instruct CBP to liquidate all entries for Goodluck and to assess antidumping duties on merchandise entered, or withdrawn from warehouse, for consumption at 33.70 percent, the cash deposit rate that would have prevailed in the absence of the now-vacated CIT decision**.
>
> **Cash Deposit Requirements**
>
> Commerce will issue revised cash deposit instructions to CBP. **Effective September 10, 2021, Goodluck's cash deposit rate will be 33.70 percent.**

86 Fed. Reg. at 74,070 (emphases added).

19.     Goodluck on January 3, 2022, filed comments asking Commerce to make the

following revisions to the *December 2021 Notice*: (1) provide an opportunity for interested

parties to request that AR3 be conducted for Goodluck entries, consistent with agency practice

and its statement with respect to AR1/AR2; and (2) revise the cash deposit effective date to the

date when Commerce published the *December 2021 Notice* in the FEDERAL REGISTER. Letter

from Grunfeld, Desiderio, Lebowitz, Silverman & Klestadt to U.S. Department of Commerce,

Case No. A-533-873 (Jan. 3, 2022). Goodluck subsequently on January 7, 2022, filed comments

rebutting those submitted by Petitioners. Letter from Grunfeld, Desiderio, Lebowitz, Silverman

& Klestadt to U.S. Department of Commerce, Case No. A-533-873 (Jan. 7, 2022).

20.     Commerce on January 19, 2022, denied all relief requested by Goodluck with

respect to the *December 2021 Notice*. Commerce Jan. 19 Memo. Commerce stated that the

*December 2021 Notice* was "an amended final determination of an LTFV investigation," and

therefore, concluded that "the rules on ministerial errors in 19 CFR 351.224 apply to this

determination." *Id*. at 4. Commerce characterized Goodluck's requests as seeking ministerial

error correction and denied both because neither request sought correction of "an error in

addition, subtraction, or other arithmetic function, nor was it another type of unintentional error."

*Id*. at 4, 6. According to Commerce, no relief was warranted because neither of the revisions to

the *December 2021 Notice* requested by Goodluck "constitute{d} a ministerial error as defined

by 19 CFR 351.224(f)." *Id*. at 5-6.

## STATEMENT OF CLAIMS

### COUNT ONE (Unlawful ADD Assessment)

21.     Paragraphs 1 through 20 are adopted and incorporated herein by reference.

22.     Commerce's decision to instruct CBP to liquidate Goodluck's AR3 entries at the

33.70% ADD rate was unlawful. Goodluck's exports of CDMT from India during the AR3 POR

were not subject to the ADD Order at the time of the AR3 anniversary month and opportunity to

request a review was published. *Antidumping or Countervailing Duty Order, Finding, or

Suspended Investigation; Opportunity To Request Administrative Review*, 86 Fed. Reg. 29,240,

29,241 (June 1, 2021). Commerce cannot instruct CBP to liquidate entries for failing to request a

review of entries of merchandise which was not subject to an ADD Order at time of entry, and

for which a review could not have been requested. Commerce's regulations require that an

exporter or producer can only request a review if it is "covered by an order." 19 C.F.R.

§ 351.213(b)(2)("an exporter or producer covered by an order . . . may request in writing that the

Secretary conduct an administrative review of **only that person**.") (emphasis added).

23.     Commerce's decision to instruct CBP to liquidate Goodluck's AR3 entries at the

33.70% ADD rate is contrary to established agency practice, holding that an administrative

review cannot encompass entries of merchandise for which an ADD Order has been

provisionally revoked. *AR2 Initiation Notice*, 85 Fed. Reg. at 47,733 n.5.

24.     Commerce's decision to instruct CBP to liquidate Goodluck's AR3 entries at the

33.70% ADD rate is contrary to established agency practice granting interested parties the

opportunity to request a review of shipments entered in a period in which an ADD Order had

been provisionally revoked. *Ball Bearings and Parts Thereof from Japan and the United*

*Kingdom: Notice of Reinstatement of Antidumping Duty Orders, Resumption of Administrative*

*Reviews, and Advance Notification of Sunset Reviews,* 78 Fed. Reg. 76,104 (Dec. 16, 2013) (Dec.

11, 2013).

25.     With respect to Goodluck's exports of CDMT from India during the AR3 POR,

Commerce's practice and regulations required either giving interested parties an opportunity to

request a review or instructing CBP to liquidate those entries as the "as-entered" 0% ADD cash

deposit rate. Commerce acted contrary to law and in deviation from its agency practice by

instructing CBP to liquidate those entries at 33.70% in the *December 2021 Notice*. The

*December 2021 Notice* was Commerce's first notice of the ADD Order being reinstated and

covering entries during AR3.

26.     Commerce's decision to instruct CBP to liquidate Goodluck's AR3 entries at the

33.70% ADD rate failed to afford Goodluck the procedural safeguards expressly enumerated in

the Tariff Act of 1930, and due process safeguards as required by law. Commerce expressly

found that the *December 2021 Notice* "constitutes a final decision as it relates to Goodluck's

AR3 entries," but did not previously allow interested parties the opportunity to submit written

comment on this agency action – a prerequisite to requesting ministerial error correction as

required by regulation, which provides for ministerial error comments upon disclosure of data.

Commerce Jan. 19 Memo at 6; 19 C.F.R. §§ 351.309 ("Any interested party . . . may submit a

'case brief'"), 351.309 ("A party to the proceeding to whom the Secretary has disclosed

calculations performed in connection with a preliminary determination may submit comments

concerning a significant ministerial error in such calculations."). By disallowing written

argument and treating Goodluck's submissions as a request for ministerial error correction when

no data was released, Commerce failed to provide Goodluck with the procedural due process

required by law. Commerce was required by law to have allowed for the submission and

consideration of comments before assessing ADD on Goodluck's AR3 POR entries. For

example, Commerce is required to issue a preliminary determination as to Goodluck's AR3

entries when it issues its forthcoming preliminary results of AR3 – allowing Goodluck the

opportunity to submit written argument on this issue, which Commerce would be required to

address.

   27.  Commerce's decision to retroactively apply the ADD rate to Goodluck's exports

of CDMT from India that entered during the AR3 POR, without initial issuance of cash deposit

instructions and a preliminary determination, is contrary to law. As "Commerce did not receive a

request for an administrative review of the {ADD} order with respect to Goodluck" for the AR3

POR, CBP should be instructed to assess ADD on such entries "at a rate equal to the cash deposit

of estimated antidumping duties required at the time of entry." *December 2021 Notice*, 86 Fed.

Reg. at 74,070; *Certain Cold-Drawn Mechanical Tubing of Carbon and Alloy Steel from India: Partial Rescission of Antidumping Duty Administrative Review; 2019– 2020*, 85 Fed. Reg. 68,039, 68,040 (Oct. 27, 2020). At the time of entry, the ADD cash deposit rate for entries of Goodluck shipments was zero, and not 33.70%.

28.     Commerce's instruction to CBP to liquidate Goodluck's AR3 entries the 33.70% ADD rate was arbitrary, capricious, unsupported by substantial evidence, otherwise not in accordance with law, in violation of procedural due process, and contrary to agency practice.

## COUNT TWO (Unlawful Effective Date)

29.     Paragraphs 1 through 28 are adopted and incorporated herein by reference.

30.     Commerce's decision to designate September 10, 2021, as the effective date for Goodluck having a 33.70% cash deposit ADD rate was unlawful. Commerce improperly failed to explain this decision. *December 2021 Notice*, 86 Fed. Reg. at 74,070. Goodluck presumes that this date is ten days after the CAFC, on August 31, 2021, ruled in favor of Petitioners, and that Commerce is of the opinion that it was authorized to reinstate the ADD Order within ten days of a final, conclusive court decision that is "not in harmony" with Commerce's prior determination. *Goodluck CAFC*, 11 F.4th 1335; *Timken*, 893 F.2d at 341; 19 U.S.C. § 1516a(c)(1).

31.     The CAFC ruling was not a final, conclusive court decision; rather than reinstate *the LTFV Final Determination*, the CAFC on August 31, 2021 – in recognition that other issues could potentially be raised – merely "remanded for further proceedings." *Goodluck CAFC*, 11 F.4th at 1344. Goodluck also had the absolute right to pursue further appeal to the U.S. Supreme Court and/or seek reconsideration by the CAFC, either by the panel itself of the CAFC *en banc*. Fed. Cir. Rule 21(f). For that reason, the CAFC mandate did not issue until October 22, 2021.

Mandate, *Goodluck India Ltd. v. United States*, Fed. Cir. Case No. 20-2017, Docket No. 63 (Oct. 22, 2021).

32.     Commerce could not lawfully have set the effective date for Goodluck having a 33.70% cash deposit ADD rate until after the CIT vacated its August 2019 ruling and entered judgment in favor of Defendant. The CIT on November 9, 2021, asked interested parties "to advise the court, by close of business on November 16, 2021, as to whether there are any outstanding issues which must be addressed prior to judgment." Order, *Goodluck India Ltd. v. United States*, CIT Case No. 18-00162, Docket No. 70 (Nov. 9, 2021). Since the parties did not raise any issues, the CIT entered its final judgment on November 17, 2021. *CIT November 17, 2021 Judgment*. Commerce could have published its second *Timken* notice at the earliest within ten days from the *CIT November 17, 2021 Judgment*. *Timken*, 893 F.2d at 341; 19 U.S.C. § 1516a(c)(1). Commerce waited until December 29, 2021, to publish the *December 2021 Notice*.

33.     The effective date for Goodluck's 33.70% ADD cash deposit, as a matter of law, cannot be before the date the *December 2021 Notice* published in the FEDERAL REGISTER. This Court has ruled that the effective date of Commerce determinations – and *Timken* notices in particular – must be based on the date that determination is published in the FEDERAL REGISTER, and not the date on which the determination was signed or another intermediate pre-publication date (such as the date of the CAFC ruling). *Sumecht NA, Inc. v. United States*, 399 F. Supp. 3d 1370, 1376-79 (CIT 2019) ("The court concludes that Plaintiff's entries that were entered . . . on or before the date of Commerce's *Timken* Notice publication in the FEDERAL REGISTER on November 23, 2015 were entitled to a rate in accordance with Commerce's prior determination."); *Shelter Forest Int'l Acquisition, Inc. v. United States*, 497 F. Supp. 3d 1388,

1403-04 (CIT 2021) ("Commerce must give parties adequate notice that their products may be subject to administrative action before suspending liquidation. . . . It is well settled that parties are charged with knowledge of administrative action, such as the inquiry at issue here, as of publication in the Federal Register.").

34.     Commerce's decision to designate  September 10, 2021, as the effective date for Goodluck having a 33.70% ADD cash deposit rate failed to afford Goodluck the procedural safeguards expressly enumerated in the Tariff Act of 1930, and procedural due process required by law. Commerce expressly found that the *December 2021 Notice* "constitutes an amended final determination of an LTFV investigation," but did not  allow interested parties the opportunity to submit written comment on the cash deposit effective date – a prerequisite to requesting ministerial error correction as required by regulation, which provides for ministerial error comments upon disclosure of data. Commerce Jan. 19 Memo at 6; 19 C.F.R. §§ 351.309 ("Any interested party . . . may submit a 'case brief'"), 351.309 ("A party to the proceeding to whom the Secretary has disclosed calculations performed in connection with a preliminary determination may submit comments concerning a significant ministerial error in such calculations."). By disallowing written argument and treating Goodluck's submissions as a request for ministerial error correction when no data was released, Commerce failed to provide Goodluck with the procedural due process required by law. Commerce was required by law to have allowed for the submission and consideration of comments before setting Goodluck's ADD cash deposit effective date.

35.     Commerce's decision to designate September 10, 2021, as the effective date for Goodluck having a 33.70% cash deposit ADD rate was arbitrary, capricious, unsupported by

14

substantial evidence, otherwise not in accordance with law, in violation of procedural due

process, and contrary to agency practice.

## **PRAYER FOR RELIEF**

WHEREFORE, Goodluck requests that this Court:

(a)     hold that Commerce's *December 2021 Notice* is arbitrary and capricious, unsupported

by substantial evidence, and otherwise not in accordance with law;

(b)     remand the *December 2021 Notice* with instructions to issue a new determination that

is consistent with the Court's decision; and

(c)     provide such other and further relief as this Court deems just and proper.

Respectfully submitted,

*/s/ Ned H. Marshak*
Ned H. Marshak
Jordan C. Kahn*
Kavita Mohan*
Michael S. Holton*

GRUNFELD, DESIDERIO, LEBOWITZ
SILVERMAN & KLESTADT LLP
599 Lexington Ave., 36th Floor
New York, New York 10022
(212) 557-4000
- and -
*1201 New York Ave., NW, Ste. 650
Washington, DC 20005
(202) 783-6881

Dated:  January 27, 2022

11453963_1