UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE GARY S. KATZMANN, JUDGE

| | |
|---|---|
| GOODLUCK INDIA LIMITED, | ) <br> ) |
| Plaintiff, | ) <br> ) |
| v. | ) Court No. 22-00024 <br> ) |
| UNITED STATES, | ) <br> ) |
| Defendant, | ) <br> ) |
| and | ) <br> ) |
| ARCELORMITTAL TUBULAR PRODUCTS, *et al.*, | ) <br> ) <br> ) |
| Defendant-Intervenors. | ) <br> ) |

**DEFENDANT'S PARTIAL MOTION TO DISMISS
FOR LACK OF 28 U.S.C. § 1581(c) JURISDICTION**

Pursuant to Rule 12(b)(1) of the Rules of the Court of International Trade, defendant, the United States, respectfully requests that this Court partially dismiss the complaint filed by plaintiff, Goodluck India Limited (Goodluck) for lack of jurisdiction under 28 U.S.C. § 1581(c).[1]

**QUESTION PRESENTED**

Whether this Court possesses jurisdiction pursuant to 28 U.S.C. § 1581(c) to review actions taken by the U.S. Department of Commerce (Commerce) that are lawfully reviewable

---

[1] We intend to file an answer with respect to the remaining claims within the deadline prescribed by Rule 12(a)(2) once the Court adjudicates the motion. *See Kent Int'l, Inc. v. United States*, 161 F. Supp. 3d 1340, 1343 (Ct. Int'l Trade 2016) ("[T]he court agrees with Defendant that the most cost-effective and efficient course is to follow the ordinary litigation sequence and toll Defendant's time to answer while the court resolves the partial motion to dismiss."); *see also* CIT Rule 12(a)(2)(A) (explaining that a "motion under this rule . . . alters the[] periods" for answering a complaint such that "the responsive pleading must be served" 14 days after notice of the court's action).

1

pursuant to 28 U.S.C. § 1581(i), for which a 28 U.S.C. § 1581(i) case is already before this Court.

## STATEMENT OF FACTS

On April 16, 2018, Commerce published its *Final Determination* in the less than fair value investigation of cold-drawn mechanical tubing from India. *See Certain Cold-Drawn Mechanical Tubing of Carbon and Alloy Steel from India*, 83 Fed. Reg. 16,296 (Dep't of Commerce April 16, 2018) (*Final Determination*) and accompanying Issues and Decision Memorandum (IDM). In the *Final Determination*, Commerce applied a rate based on facts available with an adverse inference to Goodluck after finding that Goodluck failed to accurately report product control numbers in its home market sales and cost of production databases. *See* IDM at Comments 1 and 2. Although Goodluck attempted to submit new databases at the start of verification, Commerce declined to accept the revised databases. *Id.* On June 11, 2018, Commerce published its antidumping order on cold-drawn mechanical tubing from India. *See Certain Cold-Drawn Mechanical Tubing of Carbon and Alloy Steel from the People's Republic of China, the Federal Republic of Germany, India, Italy, the Republic of Korea, and Switzerland*, 83 Fed. Reg. 26,962 (Dep't of Commerce June 11, 2018) (*Order*). Goodluck appealed Commerce's *Final Determination* to this Court.

On August 13, 2019, the Court remanded the *Final Determination* to Commerce with instructions to reconsider the revised databases provided by Goodluck. *See Goodluck India Limited v. United States*, 393 F. Supp. 3d 1352 (Ct. Int'l Trade 2019) (*Remand Order*). Consistent with the *Remand Order*, Commerce relied on the corrections provided by Goodluck, which resulted in a zero rate for Goodluck. *See* Final Results of Redetermination Pursuant to Court Remand (Dec. 23, 2019) (Final Remand Redetermination). On April 30, 2020, the Court

sustained Commerce's Final Remand Redetermination, *see Goodluck India Limited v. United States*, 439 F. Supp. 3d 1366 (Ct. Int'l Trade 2020).

Because Goodluck was now assessed a dumping rate of zero, on May 27, 2020, Commerce partially revoked the *Order* with respect to Goodluck. *See Certain Cold-Drawn Mechanical Tubing of Carbon and Alloy Steel from India*, 85 Fed. Reg. 31,742 (Dep't of Commerce May 27, 2020) (*Amended Final/Timken Notice*). At that time, Commerce continued the suspension of Goodluck's entries at a zero rate. *Id.*

The petitioners appealed the decision and the U.S. Court of Appeals for the Federal Circuit reversed and remanded the decision. *See Goodluck India Limited v. United States*, 11 F.4th 1335 (Fed. Cir. 2021). Following the Federal Circuit's decision, this Court vacated its *Remand Order* and sustained Commerce's original *Final Determination* on November 17, 2021. *See Goodluck India Limited v. United States*, Court. No. 18-000162, ECF No. 74 (Ct. Int'l Trade 2021).

During the pendency of the above litigation, Commerce conducted the first and second administrative reviews, and had begun the third administrative review, none of which included Goodluck. The first administrative review was discontinued with respect to Goodluck prior to the issuance of the preliminary determination. At the beginning of the second administrative review, Goodluck requested review of its entries, stating that they "are requesting this review in order to preserve the review of Goodluck's entries" during the pendency of any appeals, but Commerce declined to initiate due to Goodluck's exclusion from the *Order*. *See* Goodluck's Request for Administrative Review, dated June 30, 2020; *Initiation of Antidumping and Countervailing Duty Reviews*, 85 Fed. Reg. 47,731 (Dep't of Commerce Aug. 6, 2020). At the beginning of the third administrative review, despite requesting review of its entries to preserve

3

the review for the second administrative review, Goodluck did not again request review of entries subject to the third review. Thus, on December 29, 2021, Commerce published a Federal Register notice that served multiple purposes:

> … Commerce is hereby reinstating the final determination from the LTFV investigation and antidumping duty order with respect to the dumping margin assigned to Goodluck India Limited (Goodluck). As a result, we are:
>
> (1) Revising the prior revocation of the order with respect to Goodluck;
> (2) resuming the discontinued first administrative review with respect to Goodluck;
> (3) reinitiating the second administrative review with respect to all entries produced and exported by Goodluck during the period of review (POR); and
> (4) directing U.S. Customs and Border Protection (CBP) to assess final antidumping duties on all entries produced and exported by Goodluck during the third administrative review POR.

*See Certain Cold-Drawn Mechanical Tubing of Carbon and Alloy Steel from India*, 86 Fed. Reg. 74,069 (Dec. 29, 2021) (*December 2021 Notice*).[2] In other words, Commerce resumed the first administrative review with respect to Goodluck in the *December 2021 Notice*. Because Goodluck requested review of its entries covered by the second administrative review, Commerce also reinitiated the second review in this notice. Goodluck did not request review of its third review entries during the appeal and consequently, Commerce stated its intention to liquidate those entries consistent with 19 C.F.R. § 351.212(c) at the rate "equal to the cash deposit …required on that merchandise at the time of entry," *i.e.*, the 33.70 percent cash deposit rate.

---

[2] The full title of the *December 2021 Notice* is: Certain Cold-Drawn Mechanical Tubing of Carbon and Alloy Steel from India: Notice of Second Amended Final Determination; Notice of Amended Order; Notice of Resumption of First and Reinitiation of Second Antidumping Duty Administrative Reviews; Notice of Opportunity for Withdrawal; and Notice of Assessment in Third Antidumping Duty Administrative Review.

Pursuant to 28 U.S.C. § 1581(c) and, in the alternative, 28 U.S.C. § 1581(i), Goodluck challenges: (i) Commerce's intention to instruct Customs and Border Protection (CBP) to liquidate all entries of Goodluck not covered by the ongoing first and second reviews at the investigation rate of 33.70 percent, which is the cash deposit rate that would have prevailed in the absence of the now vacated Court of International Trade decision; and (ii) Commerce's setting of the cash deposit rate effective date as September 10, 2021, ten days after the Federal Circuit's decision. *Id.*

Goodluck seeks an order holding that Commerce's *December 2021 Notice* was arbitrary and capricious, unsupported by substantial evidence, and not in accordance with law regarding the imposition of the 33.70 percent liquidation rate and cash deposit effective date, and a remand of the *December 2021 Notice* with instructions to issue a new determination.

## ARGUMENT

### I. Standard Of Review

The Court's determination of subject matter jurisdiction is a threshold inquiry. *Steel Co. v. Citizens For A Better Environment*, 523 U.S. 83, 94-95 (1998). The party invoking the Court's jurisdiction bears the burden of establishing subject matter jurisdiction. *See Norsk Hydro Can., Inc. v. United States*, 472 F.3d 1347, 1355 (Fed. Cir. 2006). It is not defendant's burden to demonstrate jurisdiction. Rather, the plaintiff bears the burden of establishing that jurisdiction is appropriate. *See McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936). The Court is empowered to hear civil cases brought against the United States pursuant to the specific grants of jurisdiction enumerated under 28 U.S.C. § 1581. Section 1581(c) grants the Court jurisdiction to review antidumping and countervailing duty determinations delineated in 19 U.S.C. §§ 1516a and 1517, including final results of antidumping duty administrative

reviews. *See* 19 U.S.C. § 1516a(a)(2)(B)(iii). Section 1581(i) grants the Court residual jurisdiction, and "may not be invoked when jurisdiction under another subsection of § 1518 is or could have been available, unless the remedy provided under that other subsection would be manifestly inadequate." *Erwin Hymer Grp. N. Am. v. United States*, 930 F.3d 1370, 1374-75 (Fed. Cir. 2019).

On a motion to dismiss for lack of jurisdiction, the factual allegations in the complaint are not controlling and only uncontroverted factual allegations are accepted as true. *Shoshone Indian Tribe of the Wind River Reservation v. United States*, 672 F.3d 1021, 1030 (Fed. Cir. 2012). In deciding such a motion, the Court may review evidence extrinsic to the pleadings. *Id*. If a defendant challenges the jurisdiction of the Court, the plaintiff cannot rely merely upon allegations in the complaint, but must bring forth relevant, competent proof to establish jurisdiction. *McNutt v. General Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 189 (1936).

**II.     The Court Does Not Possess Jurisdiction Pursuant To 28 U.S.C. § 1581(c), and Jurisdiction Is Proper and Before This Court Pursuant To 28 U.S.C. § 1581(i)**

Goodluck pleads jurisdiction under 28 U.S.C. § 1581(c) and alternatively under 28 U.S.C. § 1581(i), but has not provided an explanation or reasoning as to why this case should be considered under both statutory provisions. Compl. ¶¶ 3-4. In evaluating a question of jurisdiction, as explained above, the Court must look to the true nature of the action. *Sunpreme Inc. v. United States*, 892 F.3d 1186, 1193 (Fed. Cir. 2018). The true nature of Goodluck's action is a challenge to certain decisions contained in Commerce's *December 2021 Notice*; (1) Commerce's proposed liquidation instructions, and (2) Commerce's designation of the effective date for Goodluck's 33.70 percent cash deposit rate. Compl. ¶¶ 22, 30. Neither of Goodluck's challenges is to a determination arising under 19 U.S.C. 1516a, which are the only determinations encompassed under 28 U.S.C. § 1581(c). § 1581(c) ("[T]he Court of

International Trade shall have exclusive jurisdiction of any civil action commenced under 516A or 517 of the Tariff Act of 1930….").

Goodluck alternatively pleads jurisdiction under 28 U.S.C. § 1581(i), which states:

> the Court of International Trade shall have exclusive jurisdiction of any civil action commenced against the United States…that arises out of any law of the United States providing for –
> (B) tariffs, duties, fees, or other taxes on the importation of merchandise for reasons other than the raising of revenue;… or
> (D) administration and enforcement with respect to the matters referred to in subparagraphs (A) through (C) of this paragraph and subsections (a) – (h) of this section.

28 U.S.C. § 1581(i).

The Federal Circuit has concluded that in most situations if a plaintiff challenges liquidation instructions issued by Commerce, review is proper under section 1581(i)(1)(B), (D). *See Ugine & Alz. Belg. v. United States*, 551 F.3d 1339, 1347 (Fed. Cir. 2009). This is because such an action is typically not a challenge to the final results, but a challenge to the "administration and enforcement" of those final results. *See Shinyei Corp. of Am. v. United States*, 355 F.3d 1297, 1305 (Fed. Cir. 2004); 28 U.S.C. § 1581. This Court similarly has held that challenges to Commerce's administration and enforcement of duty rates fall under 1581(i) jurisdiction. *See Capella Sales & Servs. v. United States,* 180 F. Supp. 3d 1293 (Ct. Int'l Trade 2016) (determining whether Commerce's sending of automatic liquidation instructions in the first and second administrative review using the rate from the investigation was lawful).

Thus, challenges to liquidation instructions that are inconsistent with Commerce's final results are subject to section 1581(i) jurisdiction, while challenges to liquidation instructions arising at the completion of an administrative review that are consistent with the final results are in the nature of challenges to the final results and are properly subject to 1581(c) jurisdiction. *See, e.g., Shinyei Corp.*, 355 F.3d at 1305; *Capella*, 180 F. Supp. 3d at 1299-1301. Here,

plaintiff is challenging automatic liquidation instructions because it did not request a review of its entries covered by the third administrative review, nor could it have at the required time, and as such § 1581(i) jurisdiction is proper.

Regarding Goodluck's challenge to Commerce's designation of the cash deposit effective date, this Court has held in similar cases involving this issue that jurisdiction under § 1581(i) is proper. *See, e.g.*, *Sumecht NA., Inc. v. United States*, 399 F. Supp. 3d 1370, 1375 (Ct. Int'l Trade 2019) (determining whether Commerce's setting of a retroactive effective date after issuing an untimely *Timken* notice was in accordance with law). Goodluck challenges Commerce's instruction to CBP to automatically liquidate Goodluck's third administrative review entries at the investigation cash deposit rate and Commerce's setting of the cash deposit effective rate.

It is well-settled that jurisdiction under section 1581(i) may not be invoked if another subsection of section 1581 is or could have been available and, it is clear here, that jurisdiction under 1581(c) is not now or in the future, available. *Hartford Fire Ins. Co. v. United States*, 544 F.3d. 1289 (Fed. Cir. 2008); *Chemsol, LLC and MC International, LLC v. United States*, 755 F.3d 1345 (Fed. Cir. 2014). This Court has held that 1581(c), which provides jurisdiction over actions commenced under 19 U.S.C. § 1516a(a), does not provide for judicial review of certain procedural notices published by Commerce, such as *Timken* Notices. *See Jilin Henghe Pharm. Co. v. United States*, 342 F. Supp. 2d 1301, 1306 (Ct. Int'l Trade 2004) (challenge to a Timken Notice arises under 1581(i)). The *December 2021 Notice* contains myriad notices, including a *Timken* notice, informing parties, and the public, of Commerce's reinstatement of its original determination and consequential upcoming procedures. Under the circumstances, we have no reason at this time to contest jurisdiction under section 1581(i).

## CONCLUSION

For these reasons, pursuant to Rule 12(b)(1), we respectfully request that the Court partially dismiss this action to the extent plaintiff's complaint avers jurisdiction under 28 U.S.C. § 1581(c), for lack of subject matter jurisdiction. The proper jurisdictional basis is 28 U.S.C. § 1581(i).

Respectfully submitted,

BRYAN BOYNTON
Principal Deputy Assistant Attorney General

PATRICIA M. MCCARTHY
Director

CLAUDIA BURKE
Assistant Director

s/ Ioana Cristei
IOANA CRISTEI
Trial Attorney
Commercial Litigation Branch
Civil Division
United States Department of Justice
P.O. Box 480
Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 305-0001

OF COUNSEL:

AYAT MUJAIS
Attorney
Office of the Chief Counsel
    for Trade Enforcement and Compliance
United States Department of Commerce

April 1, 2022

Attorneys for Defendant

## UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE GARY S. KATZMANN, JUDGE

|  |  |
|---|---|
| GOODLUCK INDIA LIMITED, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>UNITED STATES, )<br>)<br>Defendant, )<br>)<br>and )<br>)<br>ARCELORMITTAL TUBULAR )<br>PRODUCTS, *et al.*, )<br>)<br>Defendant-Intervenors. )<br>) | Court No. 22-00024 |

## **ORDER**

On consideration of defendant's partial motion to dismiss, plaintiff's response, and all other papers, it is hereby

ORDERED that the defendant's motion is granted and, it is further;

ORDERED that the complaint with regard to 28 U.S.C. § 1581(c) jurisdiction is dismissed, and this case will proceed under 18 U.S.C. §1581(i) jurisdiction.

Dated: _____          _____
    New York, New York                    Gary S. Katzmann, Judge