UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE GARY S. KATZMANN, JUDGE

|  |  |
|---|---|
| GOODLUCK INDIA LIMITED, <br><br>Plaintiff, <br><br>v. <br><br>UNITED STATES, <br><br>Defendant, <br><br>and <br><br>ARCELORMITTAL TUBULAR PROUCTS, *et al.*, <br><br>Defendant-Intervenors. | Court No. 22-00024 |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S PARTIAL MOTION TO DISMISS FOR LACK OF 28 U.S.C. § 1581(c) JURISDICTION**

Plaintiff Goodluck India Limited ("Goodluck") does not oppose Defendant's Partial Motion to Dismiss For Lack of 28 U.S.C. § 1581(c) Jurisdiction filed on April 1, 2022, ECF 23 ("Def. Motion"), provided that this Court concludes that it retains jurisdiction over this appeal through 28 U.S.C. § 1581(i). As set forth below, Goodluck is responding to Defendant's Motion: (I) to direct the Court's attention to Defendant's inaccurate Statement of Facts; and (II) to request that this Court conclude that jurisdiction lies under 28 U.S.C. § 1581(i) and that Defendant is required to answer Goodluck's Complaint in its entirety.

**I.   DEFENDANT' STATEMENT OF FACTS IS NOT ACCURATE**

Goodluck understands that resolution of the threshold jurisdictional issue normally does not involve substantive argument concerning the merits, but is concerned that Defendant does

not share that understanding. In particular, Goodluck takes issue with this passage in Defendant's Statement of Facts this is riddled with critical omissions and a startling non-sequitur:

> Because Goodluck requested review of its entries covered by the second administrative review, Commerce also reinitiated the second review in this notice. Goodluck did not request review of its third review entries during the appeal and consequently, Commerce stated its intention to liquidate those entries consistent with 19 C.F.R. § 351.212(c) at the rate "equal to the cash deposit … required on that merchandise at the time of entry," *i.e.*, the 33.70 percent cash deposit rate.

Def. Motion at 4.

Defendant is correct that in June 2020, Goodluck in fact requested review of its entries covered by the second administrative review ("AR2") of the antidumping duty ("ADD") order on cold-drawn mechanical tubing of carbon and alloy steel from India, with the period of review ("POR") spanning June 1, 2019, through May 31, 2020. Letter from Grunfeld, Desiderio, Lebowitz, Silverman & Klestadt LLP to U.S. Department of Commerce ("Commerce") (June 30, 2020), A.R. 8.[1] However, Goodluck only did so because it had exported subject merchandise during the AR2 POR that entered for consumption before Commerce on May 27, 2020, published notice pursuant to *Timken Co. v. United States*, 893 F.2d 337, 341 (Fed. Cir. 1990), that provisionally revoked the antidumping duty ("ADD") order on cold-drawn mechanical tubing from India. *Certain Cold-Drawn Mechanical Tubing of Carbon and Alloy Steel from India: Notice of Court Decision Not in Harmony With Final Determination of Sales at Less Than Fair Value; Notice of Amended Final Determination Pursuant to Court Decision; and Notice of Revocation of Antidumping Duty Order, in Part*, 85 Fed. Reg. 31,742 (May 27, 2020), A.R. 5 ("*Amended Final LTFV Determination*"). This notice effectuated this Court's judgment that

---

[1] "A.R." refers to the Administrative Record filed by Commerce on April 1, 2022, ECF 22.

Goodluck was entitled to a *de minimis* ADD rate. *Goodluck India Ltd. v. United States*, 439 F. Supp. 3d 1366 (CIT 2020).

Defendant omits the critical fact that when it filed its AR2 POR review request, it was unclear how Commerce would treat Goodluck's entries during the AR2 POR that entered before the *Amended Final LTFV Determination*. Goodluck accordingly acted appropriately and conservatively by requesting a review of its AR2 sales. More critically, Defendant, in its Motion, omits the fact that **Commerce denied Goodluck's AR2 review request**. When initiating AR2 in August 2020 Commerce expressly determined that it would not conduct a review of entries produced and exported by Goodluck because of the revocation:

> Commerce is only reviewing entries that were produced, but not exported, by Goodluck, and/or entries that were exported, but not produced, by Goodluck. Pursuant to a Court of International Trade (CIT) decision, effective May 10, 2020, **Commerce excluded from the antidumping duty order certain cold-drawn mechanical tubing of carbon and alloy steel that is produced and exported by Goodluck**.

*Initiation of Antidumping and Countervailing Duty Administrative Reviews*, 85 Fed. Reg. 47,731, 47,735 n.2 (Aug. 6, 2020), A.R. 9 ("*AR2 Initiation Notice*") (citing *Amended Final LTFV Determination*, 85 Fed. Reg. 31,742) (emphasis added).

Commerce thus confirmed that Goodluck did not have to file an AR2 review request because the *Amended Final LTFV Determination* operated to exclude all of its entries of the subject merchandise that it produced and exported from the ADD order. With this confirmation, Goodluck had no basis – let alone an obligation – to submit a review request for the third administrative review ("AR3"), with the POR spanning June 1, 2020, through May 31, 2021; all AR3 shipments  entries entered after the *Amended Final LTFV Determination* was published and were therefore not subject to ADD per Commerce's *AR2 Initiation Notice* and subsequent confirmation at the conclusion of AR2. *Certain Cold-Drawn Mechanical Tubing of Carbon and*

*Alloy Steel From India: Final Results of Antidumping Duty Administrative Review and Final Determination of No Shipments; 2019-2020*, 86 Fed. Reg. 59,982, 59,983 n.2 (Oct. 29, 2021) ("Goodluck made no shipments of subject merchandise to the United States during the POR."). Defendant fails to direct this Court's attention to these material facts when simply stating that "Goodluck did not request review of its third review entries during the appeal." Def. Motion at 4. As Commerce rejected Goodluck's review request for AR2, which included entries before the *Amended Final LTFV Determination*, because entries were not subject to review, Goodluck could not have been required to submit a review request for AR3, in which all of its entries entered after the *Amended Final LTFV Determination*.

    The final error in Defendant's factual passage consists of a non-sequitur as to the applicable ADD cash deposit rate for entries during the AR3 POR: "Commerce stated its intention to liquidate those entries consistent with 19 C.F.R. § 351.212(c) at the rate 'equal to the **cash deposit … required on that merchandise at the time of entry**,' *i.e.*, the **33.70 percent** cash deposit rate." *Id*. (emphases added). Defendant correctly quotes the applicable regulation, "the cash deposit required on that merchandise at the time of entry." 19 C.F.R. §351.212(c)(1)(i). However, in this case **that cash deposit rate was zero** by virtue of the *Amended Final LTFV Determination*. Thus Goodluck properly entered its shipments without ADD cash deposits during the AR3 POR, and Goodluck was not required to enter its shipments with deposits of ADD until Commerce in late 2021 published its second *Timken* notice, *Certain Cold-Drawn Mechanical Tubing of Carbon and Alloy Steel from India: Notice of Second Amended Final Determination; Notice of Amended Order; Notice of Resumption of First and Reinitiation of Second Antidumping Duty Administrative Reviews; Notice of Opportunity for Withdrawal; and Notice of Assessment in Third Antidumping Duty Administrative Review*, 86 Fed. Reg. 74,069 (Dec. 29,

2021), A.R. 12 ("*December 2021 Notice*"). This notice effected this Court's judgment entered on November 17, 2021, which was based on the reversal of this Court's 2020 ruling by the U.S. Court of Appeals for the Federal Circuit ("CAFC") in 2021. *Goodluck India Ltd. v. United States*, Court No. 18-00162, ECF No. 74 (CIT Nov. 17, 2021); *Goodluck India Ltd. v. United States*, 11 F.4th 1335, 1342-1344 (Fed. Cir. 2021).

Defendant's conflation of the applicable zero ADD cash deposit rate with 33.70 percent is a gross misuse of the Latin expression, "i.e," which translates to 'that is.' It is used to introduce a rephrasing or elaboration on something that has already been stated." DICTIONARY.COM, available at https://www.dictionary.com/e/ie-vs-eg/. Indeed, even Commerce did not attempt to make this illogical connection in its *December 2021 Notice* where it instead engaged in temporal sleight-of-hand to claim regulatory compliance while stating that 33.70 percent was "**the cash deposit rate that would have prevailed** in the absence of the now-vacated CIT decision." *December 2021 Notice*, 86 Fed. Reg. at 74,070 (emphasis added). Neither Defendant's incorrect conflation of the two rates nor Commerce's temporal trick complied with the applicable regulation, as Goodluck will demonstrate during subsequent substantive briefing on the merits.

In sum, Goodluck takes issue with Defendant's Statement of Facts but understands that this Court's resolution of the threshold jurisdictional question need not resolve the parties' disparate views of Commerce's actions with respect to the AR3 entries.

## II. <ins>THIS COURT SHOULD TAKE APPROPRIATE ACTION WHEN RESOLVING THE THRESHOLD JURISDICTIONAL ISSUE</ins>

Goodluck's jurisdictional interest is to ensure that it will be heard; whether that statutory basis is section 1581(c) and/or 1581(i) is a subsidiary consideration. Indeed, Goodluck plead alternate jurisdictional bases to avoid being unable to proceed with this appeal. Complaint (Jan.

27, 2022), ECF 2 ¶¶ 3-7. Defendant appears to clearly recognize that this Court possesses jurisdiction to adjudicate this matter under section 1581(i): Def. Motion at 8 ("§ 1581(i) jurisdiction is proper"), 9 ("The proper jurisdictional basis is 28 U.S.C. § 1581(i).") However, elsewhere Defendant hedges with ambivalent language: "Under the circumstances, we have **no reason at this time to contest jurisdiction** under section 1581(i)." *Id*. at 8. Goodluck requests that this Court find that jurisdictional lies under 28 U.S.C. § 1581(i), to eliminate the possibility that Defendant will revisit its position. Provided this Court concludes that it has jurisdiction over this appeal under 28 U.S.C. § 1581(i), Goodluck does not oppose Defendant's Motion.

Goodluck requests that this Court expeditiously resolve jurisdiction, so that briefing on the merits can proceed.[2] Before filing a motion for summary judgement on the agency record pursuant to CIT Rule 56.1, Goodluck needs to review the answers to its Complaint. In that respect, Goodluck is concerned that Defendant notes its intent to "to file an answer with respect to **the remaining clams** . . . . once the Court adjudicates the motion." Def. Motion at 1. n.1 (emphasis added). In so doing, Defendant appears to believe that certain of Goodluck's claims are specific to section 1581(c) and others are specific to section 1581(i). Indeed, Defendant cites precedent from this Court involving that scenario. *Id*. (*citing Kent Int'l, Inc. v. United States*, 161 F. Supp. 3d 1340, 1343 (CIT 2016)). By contrast, Goodluck's appeal contains claims that are alternately pled and are not specific to jurisdictional bases. Complaint (Jan. 27, 2022), ¶¶ 3-7, 21-35. Therefore, this Court should order Defendant to answer the entire Complaint, as opposed to only certain claims contained therein.

In sum, this Court should determine that it possesses jurisdiction to adjudicate and order that the entire Complaint be answered – as set forth in the attached Proposed Order. This Court

---

[2] Goodluck in the attached Proposed Order is proposing that the parties file a Joint Status Report and Proposed Briefing Schedule within seven days after the Complaint is answered.

should do so expeditiously given the protracted litigation and administrative processes to which Goodluck continues to endure as a result of the Federal Circuits' decision reversing *Goodluck India Ltd. v. United States*, 393 F.Supp.3d 1352, 1363-69 (2019).

Goodluck looks forward to briefing the substantive issues in this Civil Action as expeditiously as possible, and – provided that this Court concludes that jurisdiction lies under 1581(i) – does not oppose Defendant's Motion.

Respectfully submitted,

*/s/* Ned H. Marshak
Ned H. Marshak
Jordan C. Kahn*

GRUNFELD, DESIDERIO, LEBOWITZ
SILVERMAN & KLESTADT LLP

599 Lexington Ave., 36th Fl.
New York, NY 10022
(212) 557-4000
*1201 New York Ave., NW, Ste. 650
Washington, DC 20005
(202) 783-6881

Dated:  April 22, 2022

11574031_1