UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: THE HONORABLE GARY S. KATZMANN, JUDGE

|  |  |
|---|---|
| GOODLUCK INDIA LIMITED,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES,<br><br>　　　　　Defendant,<br><br>　　and<br><br>ARCELORMITTAL TUBULAR PROUCTS, *et al.*,<br><br>　　　　　Defendant-Intervenors. | Court No. 22-00024 |

## PLAINTIFF'S MOTION TO CLARIFY

Pursuant to USCIT Rule 1, Plaintiff Goodluck India Limited ("Goodluck") moves for clarification with respect to whether the Defendant-Intervenors' ("D-I") untimely filed Answers to Questions for Oral Argument, ECF 61 ("Answers") is properly before this Court to be rebutted at oral argument on August 1, 2023. This Court clearly stated that such responses were to be filed "**by 5:00 p.m**. on Friday, July 28, 2023." Question for Oral Argument (July 17, 2023), ECF 57, at 1 (emphasis added). Yet D-Is filed their Answers at 5:56 p.m. – nearly one hour after the deadline.[1] Their filing was unaccompanied by a Motion for Leave to File Out of Time, let alone

---

[1]

The following transaction was entered by Luberda, R. on 7/28/2023 at 5:56 PM and filed on 7/28/2023
**Case Name:**　Goodluck India Limited v. United States
**Case Number:**　1:22-cv-00024-GSK
**Filer:**　ArcelorMittal Tubular Products
　　　　　Michigan Seamless Tube, LLC
　　　　　PTC Alliance Corp.
　　　　　Plymouth Tube Co., USA
　　　　　Webco Industries, Inc.
　　　　　Zekelman Industries, Inc.
**Document Number:** 61

the requisite demonstration of good cause to permit an untimely submission. By contrast, this procedure was properly employed by Defendant when it missed a deadline at the outset of this appeal. Defendant's Motion, Out of Time, to Stay Filing of Rule 73.2(b) Administrative Record and Motion for Extension of Time to Respond to the Complaint (Mar. 15, 2022), ECF 19, at 2 ("Commerce inadvertently overlooked this deadline").

Goodluck understands that filing instructions can be missed, particularly when they deviate from the normal course. Yet D-Is and their counsel apparently do not share this understanding and instead seem to have a zero tolerance policy for filing transgressions. Indeed, D-Is' counsel in recent appeals challenging the investigations of prestressed concrete steel wire strand from the Republic of Turkey demanded the rejections of submissions for minor filing errors including the respondent having "filed a single exhibit to the Section B response **21 minutes after the 5:00 p.m. Eastern Time ("ET") filing deadline**." *Celik Halat ve Tel Sanayi A.S. v. United States*, 557 F. Supp. 3d 1348, 1349 (CIT 2022) (emphasis added), 1356 ("On August 31, 2020, petitioners . . . called for Commerce to assign Güney Celik Hasir ve Demir and Celik Halat 'dumping rates based on total adverse facts available.'"); *Celik Halat ve Tel Sanayi A.S. v. United States*, 557 F. Supp. 3d 1363 (CIT 2022). D-Is' counsel defended that agency action before this Court when opposing that plaintiff's claim to have encountered technical problems during filing:

> Halat's counsel only began the process of attempting to file its questionnaire response at 4:10 p.m. – less than an hour before the response was due. . . .
>
> Halat's counsel was aware of the issue with the company's sales database only two minutes after beginning the filing process, and was well aware of the agency's rules and procedures, but determined to not notify Commerce concerning the late filing. Halat's Br. at 8-9. Specifically, at 4:12 p.m., Halat's representative received an email from ACCESS with an error message while attempting to file the company's sales database and considered calling Commerce but "decided not to call." *Id*. at 9. In other words, if reasonable measures had been

taken, Halat would have notified Commerce of its need for an extension of time. I&D Memo, at 8 ("Celik Halat acknowledged that it failed to request an extension of the deadline for its sections B and C questionnaire response to resolve its filing difficulties when it had the timely opportunity to do so"). As Commerce explained, Halat "was not precluded 'from timely filing an extension request through all reasonable means' under 19 CFR 351.302(c)(2)(ii)" and, therefore, Halat failed to demonstrate an extraordinary circumstance existed. Thus, Commerce's rejection of Halat's untimely filed extension request was reasonable and consistent with the agency's regulations.

Defendant-Intervenors' Response in Opposition to Plaintiffs' Motion for Judgment, *Celik Halat ve Tel Sanayi A.S. v. United States*, Court No. 21-00045 TCS (July 27, 2021), ECF 21, at 19-20.

Goodluck therefore respectfully requests that this Court provide clarification as to whether Goodluck should be rebutting D-Is untimely filed Answers in addition to those timely filed by Defendant. This clarification could, for example, require that D-Is file a Motion for Leave to File Out of Time or otherwise establish good cause excusing their untimely filed Answers.

Respectfully submitted,

*/s/* Ned H. Marshak
Ned H. Marshak
Jordan C. Kahn*
Michael S. Holton*

GRUNFELD, DESIDERIO, LEBOWITZ
SILVERMAN & KLESTADT LLP

599 Lexington Ave., 36th Fl.
New York, NY 10022
(212) 557-4000

*1201 New York Ave., NW, Ste. 650
Washington, DC 20005
(202) 783-6881

*Counsel for Plaintiff*
*Goodluck India Limited*

Dated: July 31, 2023

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Standard Chambers Procedures, ¶ 2(B)(2), the undersigned hereby certifies that the above Consolidated Plaintiff-Intervenor's Motion to Clarify complies with the Court's word limitation, and that the number of words in the brief is 659 (based on the word count of the word-processing system used to prepare this brief) and an imbedded graphic with 53 words, for a total of 712 words.

                                                /s/ *Jordan C. Kahn*
                                                Jordan C. Kahn